# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                           **Case No. 07-CR-320**

**GERMAINE JOHNSON**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Germaine Johnson pleaded guilty to possession of 500 grams or more of cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), and I set the case for sentencing. In imposing sentence, I first calculate the advisory sentencing guideline range, consider any requests for a guideline departure, then determine the ultimate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See Rita v. United States, 127 S. Ct. 2456, 2465 (2007); see also Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

## I. GUIDELINES

The parties agreed to a drug weight of two kilograms of cocaine, which produced a base offense level of 28 under U.S.S.G. § 2D1.1(c)(11). Based on his limited record, the lack of aggravating circumstances, and his provision of information about the offense, the parties further agreed that defendant qualified for a 2 level reduction under the safety valve provision, U.S.S.G. § 2D1.1(b)(11), and based on his timely guilty plea to a 3 level reduction for acceptance of responsibility under § 3E1.1, for a final offense level of 23. Coupled with defendant's criminal history category of I, level 23 produces an imprisonment range of 46-57

months.

## II. DEPARTURE

**A.    Substantial Assistance Factors**

The government moved for a departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) to reward defendant for his substantial assistance. In ruling on such a motion, I consider:

> (1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a). I give substantial weight to the government's evaluation of the extent of the defendant's assistance, U.S.S.G. § 5K1.1 cmt. n.3, but the extent of the departure is within my discretion. In attempting to quantify the departure, I typically use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. United States v. Matthews, 463 F. Supp. 2d 916, 918 (E.D. Wis. 2006).

**B.    Analysis**

Defendant's assistance in this case consisted of debriefing about his drug trafficking relationship with the co-defendant, Charles Graf, who made conflicting statements to police after his arrest. Defendant provided information that allowed the government to recommend

2

that Graf be held responsible for 13 kilograms of cocaine, a recommendation included in Graf's plea agreement.

The government recommended a 20% reduction, and I found something along those lines appropriate. I awarded 1 level under the first factor because defendant's information was significant and useful in setting Graf's drug weight, but the police already had sufficient information aside from defendant's debrief to convict Graf, so a further reduction was not warranted. I awarded 1 level under the second factor because defendant's information as it pertained to Graf appeared to be truthful and reliable. The record contained no indication as to completeness or reliability in any other context. I awarded 1 level under the third factor because the assistance was limited to debriefing; defendant engaged in no active cooperation. I awarded nothing under the fourth and fifth factors, as there was no evidence of particular danger or risk, or that the assistance was particularly timely. Therefore, with a total reduction of 3 levels, the range dropped to 33-41 months.

### III. SECTION 3553(a)

**A.     Sentencing Factors**

In imposing the final sentence, the district court must consider:

(1)     the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2)     the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

3

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The court must, after considering these factors, impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id.

The guidelines carry no more weight than the other § 3553(a) factors in making this determination. See United States v. Carter, 530 F.3d 565, 578 (7th Cir.), cert. denied, 129 S. Ct. 474 (2008). Thus, while the district court must give respectful consideration to the guidelines in determining a sufficient sentence, it may not presume that the guideline sentence is correct, Gall, 128 S. Ct. at 596-97; rather, it must consider the parties' arguments and determine an appropriate sentence "without any thumb on the scale favoring a guideline sentence," United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). The court is free to impose a sentence above or below the range so long as it adequately sets forth reasons, consistent with the § 3553(a) factors, for finding the sentence appropriate for the particular defendant. United States v. McKinney, 543 F.3d 911, 913-14 (7th Cir. 2008) (citing United States v. Castro-Juarez, 425 F.3d 430, 436 (7th Cir. 2005)).

4

**B.     Analysis**

  **1.     Nature of Offense**

Law enforcement received information that a man known as "J" – later identified as defendant – sold cocaine out of his residence. Officers conducted surveillance, and on July 31, 2006, saw defendant and a man later identified as Graf exit the residence, with Graf holding a plastic bag. Graf got in his car and drove to another location, where he sat parked. Officers approached, got consent to search, and found over $20,000 cash and 125 grams of cocaine. Officers then executed a warrant at defendant's house and recovered $17,000 and a kilogram of cocaine. In a post-arrest statement, Graf said that he sold defendant the kilogram of cocaine recovered from defendant's house, along with a second kilogram, and was picking up the balance of the purchase price before his arrest. The parties agreed that defendant's relevant conduct was 2 kilograms of cocaine.

  **2.     Character of Defendant**

Defendant was twenty-seven years old, with a minimal prior record consisting of three marijuana possession cases, two of which had been expunged, and some noise violations. He graduated high school but until fairly recently had a somewhat limited employment history. As suggested by his record, he regularly smoked marijuana.

However, following his initial arrest in this case, defendant made a real turnaround. The case was first charged in state court in the summer of 2006, then dismissed in October 2006. The federal charges came over a year later in December 2007, and defendant first appeared in this court in February 2008. During the interim between the dismissal of the state charges the commencement of the federal proceedings, defendant made significant changes in his life.

5

He moved to a different city to get out of the bad environment he was in and secured a full-time job in March 2007. His managers wrote positive letters, attesting to his work ethic, dependability and motivation. Defendant also returned to school, taking classes at Milwaukee Area Technical College ("MATC"), and took and passed a real estate exam. At the time of sentencing, he worked full-time and carried a full course-load at MATC. The family members who spoke to the PSR writer and wrote to the court further attested to the changes defendant made. He made these changes at a time when no case was pending, so it was not just to impress a court or obtain a lighter sentence. Finally, after some early positives, defendant submitted negative drug screens for over a year on pre-trial supervision.

### 3. The Guidelines and Purposes of Sentencing

The guidelines recommended 33-41 months after the departure, but under all of the circumstances, particularly defendant's significant post-offense rehabilitation, I found a sentence served in the community under strict conditions sufficient to satisfy the purposes of sentencing. Defendant committed a serious offense, but there did not appear to be any aggravating factors present here, like violence, weapons or threats. Thus, I concluded that, in conjunction with the time he had already served, a lengthy period of home confinement sufficed to provide just punishment. Given his recent good conduct, efforts at cooperation and minimal prior record, I saw no need for prison to protect the public or to deter him from future crimes. I found that, at this point, a prison sentence would derail him from the positive path he was on. Given these extraordinary circumstances, a sentence served in the community was appropriate.

I found this case much like Gall, in which the Supreme Court affirmed a sentence of probation for a drug offender, despite a guideline recommendation of 30-37 months. In this

6

case, like Gall, defendant voluntarily left the drug trade, moved to a different area, resumed his education and found legitimate employment. See Gall, 128 S. Ct. at 592. Like the defendant in Gall, this defendant likewise deserved a chance to serve his sentence in the community.

## IV. CONCLUSION

Probation was not an available sentence here because the offense of conviction was a class B felony. See 18 U.S.C. § 3561(a)(1). However, I fashioned a sentence that allowed defendant to remain in the community. Defendant served some time in custody after his arrest on the federal indictment. Therefore, I committed defendant to the custody of the Bureau of Prisons for a period of time served. I further ordered him to serve a term of supervised release of 5 years. I selected a lengthy term to ensure that he was monitored and stayed on the right track. As conditions, I ordered him to comply with the conditions of home confinement for 6 months, participate in drug testing and treatment, and perform 20 hours of community service work per year for a total of 100 hours. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

7

Case 2:07-cr-00320-LA   Filed 04/15/09   Page 7 of 7   Document 37