UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
　　　**Plaintiff,**

　v.　　　　　　　　　　　　　　　　　　　　**Case No. 07-CR-320**

**GERMAINE JOHNSON**
　　　**Defendant.**

---

## DECISION AND ORDER

Defendant Germaine Johnson filed a motion for expungement of his federal record. I ordered the government to respond, and it filed an opposition to the request. I gave defendant a chance to reply, but he has not done so.

Defendant pleaded guilty to possession with intent to distribute 500 grams or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). At his April 14, 2009, sentencing hearing, I adopted a base offense level of 28 under U.S.S.G. § 2D1.1(c) based on a drug weight of 2 kilograms of cocaine; subtracted 2 levels under the safety valve provision; and, based on his timely guilty plea, deducted another 3 levels for acceptance of responsibility, for a final offense level of 23. Coupled with defendant's criminal history category of I, level 23 produced an imprisonment range of 46-57 months. I then granted the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on defendant's substantial assistance, awarding a 3 level reduction, which dropped the range to 33-41 months. Finally, on consideration of the 18 U.S.C. § 3553(a) factors, particularly defendant's significant post-offense rehabilitation, I imposed a sentence of time-served followed by 5 years of supervised release.

In the instant petition, defendant indicates that he completed supervision on April 13, 2014. He further indicates that he has maintained full-time and part-time employment, earned associate's and bachelor's degrees, and obtained a partnership in a personal care agency. He denies any police contact since his conviction, aside from minor traffic tickets. Despite this progress, defendant worries about the impact of his record. He indicates that he had to provide information about the case in submitting a business application, and he believes that the federal record will hinder his company in gaining contracts and potential clients.

District courts may order the expungement of judicial records if the dangers of unwarranted adverse consequences to the defendant outweigh the public interest in maintenance of the records. United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993). In order to outweigh the strong public interest in open proceedings, the unwarranted adverse consequences must be truly extraordinary, rather than those likely attendant to every arrest and conviction. United States v. Flowers, 389 F.3d 737, 739 (7th Cir. 2004). For instance, it is possible, even likely, that a person with an arrest and conviction record may be impeded in finding employment. Id. However, "if employment problems resulting from a criminal record were 'sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy.'" Id. at 739-40 (quoting United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991)).

Defendant fails to demonstrate any extraordinary, unwarranted adverse consequences here. Generalized concerns that his record may impede future business prospects do not suffice. See, e.g., United States v. Koril, No. 03-CR-435, 2015 U.S. Dist. LEXIS 95398, at *3 (N.D. Ill. July 17, 2015). Indeed, it appears that defendant has, despite his record, been able to maintain employment, further his education, and start a business. Defendant is to be

2

commended for his progress, which started before I sentenced him and continues today. However, he fails to make a case for expungement of his federal conviction.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 49) is **DENIED**

Dated at Milwaukee, Wisconsin, this 1st day of December, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge